## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| **HECTOR AYALA JIMENEZ,** | : | |
| | : | |
| **Plaintiff,** | : | **Civil Action Number:** |
| | : | |
| **vs.** | : | |
| | : | **Jury Trial Demanded** |
| **NITEWORX, INC., and ROBERT GATES,** | : | |
| | : | |
| | : | |
| **Defendants.** | : | |

## COMPLAINT

Plaintiff Hector Ayala Jimenez (hereafter "Plaintiff") by and through the undersigned counsel and bring this Complaint against Defendants Niteworx, Inc. (hereafter "Niteworx") and Robert Gates (hereafter "Gates") (hereafter collectively referred to as "Defendants"), and plead as follows:

## INTRODUCTION

### 1.

Defendants employed Plaintiff as a landscaper/landscaping electrician throughout the State of Georgia from on or about March 3, 2001 through the date of filing this action.

### 2.

Plaintiff brings this action under the Fair Labor Standards Act of 1938 (as amended), 29 U.S.C. § 201 et seq., (hereafter "FLSA") to recover (1) the overtime

pay that was denied him, (2) an additional like amount as liquidated damages; and (3) his costs of litigation, including his reasonable attorneys' fees.

3.

In addition to his federal causes of action, Plaintiff asserts pendent state law claims which arise out of the same set of operating facts as his federal claims. These are (1) breach of contract, (2) quantum meruit and (3) promissory estoppel.

**JURISDICTION AND VENUE**

4.

This Court has subject matter jurisdiction over the present action under Article III, § 2 of the United States Constitution; FLSA § 16(b), 29 U.S.C. § 216(b); 28 U.S.C §§ 1331 and 1337 because this case arises under the FLSA, a federal statute that affects interstate commerce.

5.

This Court has supplemental jurisdiction over Plaintiff's state law claims set forth herein arising under Georgia law in accord with 28 U.S.C. § 1367 because the state law claims are so related to the federal claims that they form part of the same case or controversy.

6.

Venue properly lies in the Northern District of Georgia under 28 U.S.C. § 1391 because Defendants are located in this judicial district and all the events

giving rise to the claims herein arose in this judicial district.

## THE PARTIES

7.

Plaintiff resides within Dekalb County, Georgia.

8.

From on or about March 3, 2001 until the present date, Plaintiff has been an "employee" as defined in the FLSA §3(e)(2)(C), 29 U.S.C. §203(e)(2)(C).

9.

At all times material hereto, Plaintiff has been an employee covered by the FLSA and entitled to the minimum wage and overtime protections set forth in FLSA §§6 and 7(c), 29 U.S.C. §§206, 207(c).

10.

Niteworx is a corporation organized under the laws of the State of Georgia.

11.

At all times material hereto, Niteworx has been an "employer" as defined in FLSA §3(d), 29 U.S.C. §203(d) and an "enterprise engaged in commerce" as defined in FLSA §3(s)(1)(C); 29 U.S.C. § 203(s)(1 )(C).

12.

Niteworx is subject to the personal jurisdiction of this Court.

13.

Niteworx may be served with process through its registered agent, Nisbet S. Kendrick, III at 3060 Peachtree Road, NW #400, Atlanta, Georgia 30305.

14.

Gates resides within Fulton County, Georgia.

15.

At all times material hereto, Gates has been an "employer" as defined in FLSA §3(d); 29 U.S.C. §203(d).

16.

Gates is subject to the personal jurisdiction of this Court.

17.

Gates may be served with process at 600 Dartington Way, Alpharetta, Georgia 30022.

**COUNT I          FAILURE TO PAY OVERTIME**

18.

The allegations in all previous paragraphs above are incorporated by reference as if fully set out in this Paragraph.

19.

From on or about March 3, 2001 until the present date Plaintiff regularly worked for Defendants in excess of forty (40) hours a week.

20.

From on or about March 3, 2001 until the present date, Defendants failed to pay Plaintiff at one and a half times his regular rate for all work done on behalf of Defendants in excess of forty (40) hour in any week.

21.

From on or about March 3, 2001 until the present date, Defendants willfully failed to pay Plaintiff at one and a half times his regular rate for work in excess of forty (40) hours in any week.

22.

As a result of the underpayment of overtime compensation as alleged above, Defendants are liable to Plaintiff in an amount to be determined at trial, in accordance with FLSA § 16 (b), 29 U.S.C. § 216(b).

23.

Plaintiff is entitled to liquidated damages in addition to the overtime compensation alleged above in accordance with FLSA § 16 (b), 29 U.S.C. § 216(b), because Defendants have willfully and repeatedly violated the FLSA.

24.

Plaintiff is entitled to recover his attorneys' fees and costs of litigation from Defendants in accordance with FLSA § 16 (b), 29 U.S.C. § 216(b).

**COUNT II          BREACH OF CONTRACT**

25.

The allegations contained in Paragraphs 1 through 24 above are incorporated by reference as if fully set out herein.

26.

Plaintiff and Defendants were parties to a contract of employment (hereafter "the Contract") from on or about March 3, 2001 through the present date.

27.

The Contract provided that Defendants would reimburse Plaintiff for materials he purchased on Defendants' behalf.

28.

Plaintiff purchased materials for Defendants pursuant to the Contract.

29.

Plaintiff requested to be reimbursed for the cost of the materials he purchased for Defendants pursuant to the Contract.

30.

Defendants failed to reimburse Plaintiff for materials he purchased on Defendants' behalf.

31.

Defendants' failure to pay Plaintiff for materials purchased on Defendants'

behalf constitutes a material breach of the Contract.

32.

As the direct and foreseeable result of this breach, Plaintiff has sustained and continues to sustain damages in an amount to be proved at trial.

**COUNT III        QUANTUM MERIUT**

33.

The allegations contained in Paragraphs 1 through 32 above are incorporated by reference as if fully set out in this Paragraph.

34.

From on or about March 3, 2001 through the present date , Plaintiff purchased materials for Defendants' benefit.

35.

The materials that Plaintiff purchased for Defendants were valuable to Defendants.

36.

Defendants requested that Plaintiff purchase materials on their behalf.

37.

Defendants knowingly accepted the materials that Plaintiff purchased on their behalf.

38.

The receipt of the materials that Plaintiff purchased for Defendants without compensation would be unjust.

39.

Plaintiff expected to be compensated at the time he purchased materials for Defendants.

40.

Plaintiff is entitled to a recover from Defendants the reasonable value of the materials he purchased on behalf of Defendants in an amount to be determined at trial.

**COUNT IV        PROMISSORY ESTOPPEL**

41.

The allegations contained in Paragraphs 1 through 40 above are incorporated by reference as if fully set out in this Paragraph.

42.

Defendants promised to reimburse Plaintiff for materials he purchased on their behalf

43.

Defendants should have reasonably expected that Plaintiff would induce action in reliance of said promise, i.e., to continue to purchase materials on

Defendants' behalf.

44.

Defendants' promise induced Plaintiff to act in reliance thereof, i.e., to continue to purchase materials on Defendants' behalf, to his detriment.

45.

Plaintiff's purchase of materials for Defendants conferred a benefit on Defendants.

46.

Defendants failed to pay Plaintiff in accordance with their promise.

47.

Plaintiff relied on Defendants' promise.

48.

Plaintiff's reliance on Defendants' promise was reasonable.

49.

Injustice can only be avoided by enforcement of Defendants' promise.

50.

Plaintiff is entitled to a recover from Defendants the reasonable value of the materials he purchased on behalf of Defendants in an amount to be determined at trial.

WHEREFORE, Plaintiff respectfully prays:

1.    That Plaintiff's claims be tried before a jury;

2.    That Plaintiff be awarded an amount to be determined at trial against

Defendants in unpaid overtime compensation due under the FLSA, plus an

additional like amount in liquidated damages due because of the Defendants'

willful and repeated disregard for their obligations and Plaintiff's rights

under the FLSA, plus prejudgment interest thereon;

3.    That Plaintiff have and recover judgment against Defendants for the pendent

state claims herein asserted in amounts to be proved at trial.

4.    That Plaintiff be awarded his costs of litigation, including his reasonable

attorneys' fees from Defendants; and

5.    For such other and further relief as the Court deems just and proper.

Respectfully submitted,

_s/ Kevin D. Fitzpatrick, Jr._                    _s/ Charles R. Bridgers_
Kevin D. Fitzpatrick, Jr.                         Charles R. Bridgers
Ga. Bar No. 262375                                Ga. Bar No. 080791
3100 Centennial Tower                             3100 Centennial Tower
101 Marietta Street                               101 Marietta Street
Atlanta, GA 30303                                 Atlanta, GA 30303
(404) 979-3150                                    (404) 979-3150
(404) 979-3170 (f)                                (404) 979-3170 (f)
kevin.fitzpatrick@dcnblaw.com                     charlesbridgers@dcnblaw.com

Counsel for Plaintiffs                            Counsel for Plaintiffs

# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| **HECTOR AYALA JIMENEZ,** | **:** | |
| | **:** | |
| **Plaintiff,** | **:** | **Civil Action Number:** |
| | **:** | |
| **vs.** | **:** | |
| | **:** | |
| **NITEWORX, INC., and ROBERT GATES,** | **:** | |
| | **:** | |
| **Defendants.** | **:** | |

## <u>CERTIFICATE OF COUNSEL</u>

Pursuant to N.D. Ga. R. 7.1, the below signatory attorney certifies that the foregoing pleading was prepared with Times New Roman (14 point), one of the fonts and point selections approved by the Court in N.D. Ga. R. 5.1 C.

<u>*/s/Charles R. Bridgers*</u>
Charles R. Bridgers
Ga. Bar No. 080791
Attorney for Plaintiff